[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14117
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cr-00087-TPB-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR AGUILAR-GIL,
a.k.a. Salvador Aguilar,
a.k.a. Pedro Aguilar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 2, 2020)

Before JILL PRYOR, BRANCH and LAGOA, Circuit Judges.

PER CURIAM:

Salvador Aguilar-Gil appeals his within-guidelines 34-month[1] prison sentence imposed following his guilty plea to illegal reentry after being deported and convicted of a felony in violation of 8 U.S.C. § 1326(a) and (b)(1). Aguilar-Gil did not object to the sentence during the district court proceedings. On appeal, he argues that his sentence is (1) procedurally unreasonable because the district court failed to state in open court the reasons for imposing its sentence as required under 18 U.S.C. § 3553(c)(1)[2] and (2) substantively unreasonable because the district court improperly weighed the § 3553(a) factors.[3] We address each

---

[1] Aguilar-Gil's applicable advisory guideline range was 30 to 37 months' imprisonment. He faced a statutory maximum of ten years' imprisonment.

[2] Section 3553(c)(1) provides that:

The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—

(1) is of the kind, and within the [Sentencing Guidelines] range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range.

18 U.S.C. § 3553(c)(1). The parties do not dispute that § 3553(c)(1) applies here.

[3] Section 3553(a) mandates that the district court "impose a sentence sufficient, but not greater than necessary" to: (1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (2) "afford adequate deterrence to criminal conduct"; (3) "protect the public from further crimes of the defendant"; and (4) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)–(D). In addition, the court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the kinds of sentences available"; (3) the guideline sentencing range; (4) any pertinent policy statements; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to any victims. *Id.* § 3553(a)(1), (3)–(7).

2

argument in turn and conclude that Aguilar-Gil's sentence is both procedurally and substantively reasonable.  We therefore affirm his sentence.

I.

Aguilar-Gil's central argument on appeal is that his sentence is procedurally unreasonable because it did not comply with § 3553(c)(1).  We review *de novo* whether the district court complied with § 3553(c)(1) regardless of whether the defendant objected below.  *See United States v. Cabezas-Montano*, 949 F.3d 567, 608 n.39 (11th Cir. 2020).

At the time of sentencing, a district court must state in open court the reasons that it imposed a particular sentence.  18 U.S.C. § 3553(c).  "In doing so, the district court should 'tailor its comments to show that the sentence imposed is appropriate' in light of the [18 U.S.C.] § 3553(a) factors."  To meet its obligations under 3553(c)(1), "the district court need only set forth enough to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority."  *Cabezas-Montano*, 949 F.3d at 609.

Where a party presents nonfrivolous reasons for imposing a different sentence, the district court "will normally go further and explain why [it] has rejected those arguments."  *Rita v. United States*, 551 U.S. 338, 357 (2007).  Nevertheless, a brief explanation may be legally sufficient when the sentence imposed is within the guideline range, the arguments before the court are

3

"straightforward [and] conceptually simple," and the record establishes that the court considered the § 3553(a) factors. *Id.* at 356. We consider the record as a whole to determine if the district court did, in fact, consider the evidence, arguments, and § 3553(a) factors, as required by § 3553(c). *Id.* at 359; *Cabezas-Montano*, 949 F.3d at 608–09.

Here, the district court met its obligations under § 3553(c)(1) in imposing Aguliar-Gil's sentence. Prior to sentencing, Aguilar-Gil filed a sentencing memorandum, in which he discussed § 3553(a) factors—specifically, his history and characteristics, and the advisory guideline range—and requested a downward variance of 24 months' imprisonment. At sentencing, the court confirmed that it had reviewed Aguilar-Gil's sentencing memorandum. And it heard Aguilar-Gil's argument as to why a below-Guidelines sentence of 24 months' imprisonment was appropriate, as well as the government's argument for a 30 months' sentence. But the court expressed its concern with Aguilar-Gil's criminal record, specifically his history of resistance to law enforcement, which goes to his personal characteristics and lack of respect for the law. *See* 18 U.S.C. § 3553(a)(2). Before pronouncing its sentence, the court cited 18 U.S.C. §§ 3551 and 3553 and stated that it had also considered "the presentence report and the advisory guidelines." And after pronouncing the 34-month sentence, the court concluded "[a]fter considering the advisory guidelines and all the factors identified in Title 18 U.S. Code Sections

4

3553(a)(1) through (7), I find the sentence imposed is sufficient but not greater than necessary to comply with the purposes of sentencing." This explanation is sufficient for purposes of § 3553(c). *See Cabezas-Montano*, 949 F.3d at 609 (holding that district court provided a sufficient explanation for the sentence imposed where the "district court judge expressly articulated that it had considered the parties' arguments, the PSRs containing the advisory guidelines ranges, and the § 3553(a) factors"). Accordingly, because the record clearly establishes that the court "considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority," *Cabezas-Montano*, 949 F.3d at 609, Aguilar-Gil has not shown that his sentence is procedurally unreasonable.

## II.

Aguilar-Gil also raises in passing a substantive reasonableness challenge, arguing that because the district court did not provide any reasons for the sentence it imposed, it "failed to afford consideration to the relevant [§ 3553(a)] factors that were due significant weight, gave significant weight to an improper or irrelevant factor, and committed a clear error of judgment in considering the proper factors." We review the substantive reasonableness of a sentence for an abuse of discretion.[4] *United States v. Carpenter*, 803 F.3d 1224, 1234 (11th Cir. 2015).

---

[4] Although Aguilar-Gil did not object to his sentence, by advocating for a downward-variance sentence of 24 months' imprisonment, he preserved his argument that the 34-month sentence imposed was substantively unreasonable. *See Holguin-Hernandez v. United States*, 140

The weight given to each § 3553(a) factor is committed to the sound discretion of the district court, and this Court will not substitute its judgment in weighing the relevant factors. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court abuses its discretion by: (1) failing to consider relevant factors that were due significant weight; (2) giving an improper or irrelevant factor substantial weight; or (3) committing a clear error of judgment by balancing proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). That said, the district court is not required to discuss each of the § 3553(a) factors. *Id.* at 1195. It is sufficient for the district court to acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. *Id.* at 1194-95. Moreover, this Court ordinarily expects a sentence within the guideline range to be reasonable. *United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016). That the sentence imposed falls well below the statutory maximum penalty also indicates reasonableness. *Id.* at 1310.

Nothing in the record supports Aguilar-Gil's contention that the district court failed to consider certain factors or gave weight to improper or irrelevant factors. The district court properly considered Aguilar-Gil's criminal record, specifically his history of resistance to law enforcement, which goes to his personal

S. Ct. 762, 767 (2020) (holding that a defendant sufficiently preserved a challenge to the substantive reasonableness of his sentence by arguing at sentencing for a shorter sentence).

characteristics and lack of respect for the law and it then § 3551. *See* 18 U.S.C. § 3553(a)(2). Moreover, the 34-month sentence was within the middle of the guideline range and well below the statutory maximum of ten years, which are indicators of reasonableness. *See Croteau*, 819 F.3d at 1309–10. Accordingly, we conclude that the district court did not abuse its discretion, and Aguilar-Gil's sentence is substantively reasonable.

**AFFIRMED.**